UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA A. PULS,<br><br>             Plaintiff,<br><br>    v.<br><br>HOBBY LOBBY STORES, INC., *et al.*,<br><br>             Defendants. | Case No. 1:25-cv-02069-KES-CDB<br><br>ORDER REQUIRING PLAINTIFF TO PAY SANCTIONS OF $100 PER DAY<br><br>(Doc. 4)<br><br>ORDER DIRECTING DEFENDANTS TO EFFECT MANUAL SERVICE |

**<u>Background</u>**

Plaintiff Debra A. Puls ("Plaintiff") initiated this action with the filing of a complaint on May 9, 2025, in the Superior Court of California for the County of Kern, case number BCV-25-101749. (Doc. 1). Defendants Hobby Lobby Stores, Inc., and Bakesan, LLC ("Defendants"), removed the case to this Court on December 30, 2025. *Id.* That same day, the Court issued case opening documents and set an initial scheduling conference for March 25, 2026, at 9:30 a.m. (Doc. 3). In its order setting the initial scheduling conference, the Court directed the parties to file a joint scheduling report one week in advance of the scheduling conference and to email a copy in Word format to the chambers' email inbox. *Id.* at 2.

After the parties failed to timely file a joint scheduling report, the Court ordered Plaintiff to show cause in writing why sanctions should not imposed for failure to comply with the Court's orders. (Doc. 4).

1

Plaintiff has failed to file any response in compliance with the Court's order to show cause as to Plaintiff's failure to timely file a joint scheduling report, and the deadline to do so has passed.

**Governing Authority**

The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). In order to compel a party to comply with the Court's orders, the Court may issue daily sanctions until compliance is obtained. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110. Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." E.D. Cal. L.R. 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." *Id*.

**Discussion**

Here, the Court ordered the parties to file a joint scheduling report at least one week in advance of the initial scheduling conference. (Doc. 3). Upon the parties' failure to file the joint scheduling report, the Court ordered Plaintiff to show cause in writing as to why sanctions should not be imposed for the failure. (Doc. 4). Plaintiff failed to timely file a response to the Court's order to show cause. Thus, Plaintiff has failed to comply with the Court's orders.

The docket of the state court action reflects that the removal notice was filed in state court by Defendants.[1] Moreover, the notice of electronic filing ("NEF") for the Court's case opening documents (Doc. 3) reflects service upon Plaintiff's counsel, Timothy Mina Ghobrial, at the email address identified on Plaintiff's pleadings (timothy@downtownlalaw.com). The NEF for the Court's order to show cause (Doc. 4) reflects service upon counsel for Plaintiff at the same email address. Thus, the record reflects that Plaintiff had notice of removal and of the Court's orders.

Aside from evidencing Plaintiff's lack of regard for complying with court orders, Plaintiff's intransigence is preventing the Court from efficiently managing its docket in this action. Accordingly, the Court finds that monetary sanctions are appropriate to compel Plaintiff to comply with this Court's orders. Therefore, to gain Plaintiff's compliance, a $100 sanction shall be imposed on Plaintiff commencing on the date of this order and shall continue to be imposed each day thereafter until Plaintiff files a response explaining the failure to timely file a joint scheduling report. Plaintiff's filing of said response will not relieve Plaintiff of the sanction imposed commencing on this date. Further, the daily deadline shall expire at the close of business each day at 5:00 p.m.

///

///

///

///

---

[1] *See* Case Search, Superior Court of California for the County of Kern, *accessible at* https://portal.kern.courts.ca.gov/?q=node/393 (using the state court case number) (last visited March 25, 2026).

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff shall pay the Clerk of the Court $100 per day, beginning on the date of this order, until Plaintiff files a response to the Court's order to show cause (Doc. 4) explaining the failure to timely file a joint scheduling report.

IT IS FURTHER ORDERED that Defendants shall effect manual service of this order upon counsel for Plaintiff and promptly file proof of service of same.

IT IS SO ORDERED.

Dated:   **March 25, 2026**

UNITED STATES MAGISTRATE JUDGE

4