UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA A. PULS, | Case No. 1:25-cv-02069-KES-CDB |
| Plaintiff, | ORDER DISCHARGING SANCTIONS ORDER AND REQUIRING PLAINTIFF TO PAY SANCTIONS |
| v. | |
| HOBBY LOBBY STORES, INC., *et al.*, | (Docs. 5, 6, 7) |
| Defendants. | ORDER DIRECTING DEFENDANTS TO FILE STATUS REPORT |
| | **14-Day Deadline** |

**Background**

Plaintiff Debra A. Puls ("Plaintiff") initiated this action with the filing of a complaint on May 9, 2025, in the Superior Court of California for the County of Kern, case number BCV-25-101749. (Doc. 1). Defendants Hobby Lobby Stores, Inc., and Bakesan, LLC ("Defendants"), removed the case to this Court on December 30, 2025. *Id.* That same day, the Court issued case opening documents and set an initial scheduling conference for March 25, 2026, at 9:30 a.m. (Doc. 3). In its order setting the initial scheduling conference, the Court directed the parties to file a joint scheduling report one week in advance of the scheduling conference and to email a copy in Word format to the chambers' email inbox. *Id.* at 2.

After the parties failed to timely file a joint scheduling report, the Court ordered Plaintiff to show cause in writing why sanctions should not imposed for failure to comply with the Court's

1

orders. (Doc. 4). Plaintiff failed to file any response in compliance with the Court's order to show cause. On March 25, 2026, the Court ordered Plaintiff to pay the Clerk of the Court $100.00 per day from the date of the order until she files a response to the Court's order to show cause explaining the failure to timely file a joint scheduling report. (Doc. 5 at 4). Plaintiff was admonished that her filing of said response would not relieve her of the sanction imposed commencing on the date of the order, and that the daily deadline to comply expires at the close of business each day at 5:00 p.m. *Id.*

**Discussion**

That same day, Plaintiff's counsel Timothy M. Ghobrial filed a declaration. (Doc. 6). Mr Ghobrial represents that Defendants first removed the state court action to the Central District of California on December 18, 2025, after which Defendants again removed the state court action to this Court on December 30, 2025. *Id.* ¶¶ 3-4. On January 13 and 29, 2026, Mr. Ghobrial communicated with counsel for Defendants as to whether the action would proceed in the Central District of California or the Eastern District of California. *Id.* ¶ 5. The parties met and conferred regarding their Rule 26(f) statement for the action in the Central District of California. *Id.* ¶ 6. On March 25, 2026, Defendants' counsel emailed Mr. Ghobrial regarding the two removed actions and stating that Defendants would advise the Central District of California in a declaration of the pending action in this Court and that, as the state court case was filed in Kern County, the proper venue is the Eastern District of California. *Id.* ¶ 7.

Mr. Ghobrial provides that the parties litigated the action in the Central District of California in good faith, including conducting a Rule 26(f) conference. *Id.* ¶ 9. Mr. Ghobrial represents that, in light of the parallel filings, Plaintiff's counsel mistakenly believed the operative deadlines were tied to the action in the Centra District of California, where the parties had already complied with Rule 26(f) requirements; as a result, the deadlines in this action regarding the scheduling conference were not properly calendared due to an administrative failure. *Id.* ¶ 10. Plaintiff's counsel states that measures have been implemented to ensure that all deadlines in this action are properly tracked going forward, and asks that the Court discharge the order to show cause and decline to impose sanctions. *Id.* ¶¶ 11-12. Mr. Ghobrial attaches as exhibits the state court complaint (*id.*, Ex. A), a

printout of the docket in the Central District of California (*id.*, Ex. B; No. 5:25-cv-03430-JVS-SSC), a printout of the docket in this action (*id.*, Ex. C), email communications between the parties on January 13 and 29, 2026 where Mr. Ghobrial asks Defendants' counsel regarding where the action will proceed (*id.*, Ex. D), the joint Rule 26(f) conference statement filed in Central District of California (*id.*, Ex. E), and email communications from Defendants' counsel dated March 25, 2026, stating that the Eastern District of California is the proper venue for the action (*id.*, Ex. F).

Defendants' counsel Stacy A. Bradfield also filed a declaration on March 25, 2026. (Doc. 7). Ms. Bradfield represents that, when Defendants filed their documents removing the state court action to federal court, the electronic filing system defaulted to the Central District of California, without providing an option for filing the removal documents in the Eastern District of California. *Id.* ¶ 2. Ms. Bradfield states that, on December 30, 2025, Defendants filed a notice of errata in the Central District of California to alert the court clerk of the erroneous filing and advise that the matter would be refiled in the Eastern District of California. *Id.* ¶ 3. The case was assigned to a district judge in the Central District of California and the parties proceeded to litigate the case in accordance with the district judge's order. The case was scheduled and the parties have begun discovery. Ms. Bradfield declares that a joint scheduling report will be timely filed in advance of the April 28, 2026, scheduling conference, and requests that the Court reconsider the daily sanctions on Plaintiff's counsel. *Id.* ¶¶ 4-7. Ms. Bradfield states that Defendants will re-file in this Court all pleadings inadvertently filed in the Central District of California. *Id.* ¶ 8. Ms. Bradfield attaches as exhibits a notice of errata filed in the Central District of California, with the case number for the action in the Central District of California (No. 5:25-cv-03430) though captioned for the "Eastern District of California – Fresno" (*id.*, Ex. A; *see id.* ¶ 3); and a notice of reassignment to a district judge from the Central District of California (*id.*, Ex. B).

In light of Plaintiff's prompt compliance with the Court's sanctions order and the representations of counsel for Defendants, the Court shall discharge further sanctions and shall impose a total sanction of $100.00 based on the Court's order. Accordingly, to deter Plaintiff and its counsel from future violations of the Court's orders and the Local Rules and to ensure they abide by all applicable deadlines in this case, the Court will impose a total sanction of $100.00. *See, e.g.*,

3

*Gen. Sig. Corp. v. Donallco, Inc.*, 933 F.2d 1013 (9th Cir. 1991) (affirming district court's award of monetary sanction that "was coercive and not compensatory" as "an amount required to prevent future violations") (unpublished).  The Court concludes that such a sanction is sufficient but not more than necessary to accomplish its coercive aim light of the character and magnitude of the harm threatened by continued delinquency.  *See Gen. Sig. Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986).

Additionally, the Court will direct Defendants to file a report regarding the status of the action in the Central District of California, including whether the action will proceed in this Court or in the Central District of California.

**Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff SHALL pay the Clerk of the Court $100.00 in full satisfaction of the sanction imposed in this case no later than **April 9, 2026**;

2. Plaintiff's counsel SHALL promptly file proof of payment with the Court once payment is made; and

3. If such payment and proof of payment is not timely made, additional sanctions of $50.00 per day shall issue from April 9, 2026, until full payment is received.

4. Defendants SHALL file a status report informing the Court of the status of the action in the Central District of California, including whether the action will proceed in this Court or in the Central District of California, no later than **April 9, 2026**.

5. In the event the action proceeds in this Court, Defendants SHALL file all relevant documents from the Central District of California (No. 5:25-cv-03430-JVS-SSC) in this action no later than **April 21, 2026**.

///

///

///

///

///

4

6.  The parties are reminded of their obligation to file a joint scheduling report one week in advance of the initial scheduling conference.  *See* (Docs. 3, 4).

**Any failure by Plaintiff to comply with this order will result in the imposition of sanctions.**

IT IS SO ORDERED.

Dated:   **March 26, 2026**   

UNITED STATES MAGISTRATE JUDGE