UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA A. PULS,<br><br>Plaintiff,<br><br>v.<br><br>HOBBY LOBBY STORES, INC., *et al.*,<br><br>Defendants. | Case No. 1:25-cv-02069-KES-CDB<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND TO REMAND<br><br>(Doc. 18)<br><br>ORDER REMANDING ACTION TO STATE COURT |

Pending before the Court is the motion of Debra A. Puls ("Plaintiff") for leave to amend the complaint to substitute Cesar Anguiano in place of defendant "Doe 1" and to remand this action to state court on the grounds that the addition of Anguiano, a California citizen, would destroy diversity and deprive this Court of jurisdiction. (Doc. 18).[1] Plaintiff attaches to her motion a proposed first amended complaint ("FAC") and a redlined version of the proposed FAC. *See* (Doc. 18-3) ("Ex. B"); (Doc. 18-4) ("Ex. C"). On May 1, 2026, Hobby Lobby Stores, Inc. ("Hobby Lobby") and Bakesan, LLC ("Bakesan") (collectively, "Defendants") filed an opposition to Plaintiff's motion, and on May 11, 2026, Plaintiff replied. (Docs. 23, 25). Following review of the parties' filings made in connection with the motion, the Court deems the motion suitable for disposition without hearing and oral argument. Local Rule 230(g).

//

//

//

[1] On May 5, 2026, the presiding district judge referred to the undersigned Plaintiff's motion for leave to amend and to remand for adjudication (Doc. 24) after the parties stipulated to magistrate judge jurisdiction for the limited purpose of resolving the instant motion (Doc. 22).

## I. Relevant Background

### A. Procedural History[2]

Plaintiff initiated this action with the filing of a complaint titled *Debra A. Puls v. Hobby Lobby Stores, Inc., et al.,* Case No. BCV-25-101749, on May 9, 2025, in the Superior Court of California for the County of Kern. *See* (Doc. 6-1). On December 18, 2025, Defendants filed a notice of removal in the U.S. District Court, Central District of California, Case No. 5:25-cv-03430-JVS-SSC. (Doc. 6, Declaration of Timothy M. Ghobrial, ¶ 3 & Exhibit B). That matter was later dismissed due to a procedural error pursuant to joint stipulation of the parties on April 7, 2026. (Doc. 21, Declaration of Jack S. Fischer, ¶¶ 2-3 & Exhibits A-B). On December 30, 2025, Defendants removed the action to this Court. (Doc. 2).

In her complaint, Plaintiff asserts causes of action for negligence, products liability, and premises liability arising from injuries she sustained after being struck by automated sliding doors while present at Defendants' store. (Doc. 6-1 at 7, 9).

On March 26, 2026, Defendants filed their answer to Plaintiff's complaint. (Doc. 9).

### B. Plaintiff's Motion

In her motion, Plaintiff seeks leave to file the FAC naming Cesar Anguiano in the place of a defendant identified by the fictitious name, "Doe 1." (Doc. 18). Plaintiff also requests to convert the format of the state court form complaint to a pleading and submits a red-lined version of the FAC. *See id.* at Exhibits B & C. Because the addition of Anguiano to this action would destroy diversity and deprive the Court of jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441, Plaintiff also moves to remand the action to state court.

In their opposition, Defendants argue that Plaintiff's motion should be denied on two discrete grounds. (Doc. 23). First, they argue that Plaintiff has been aware of the identity of Anguiano (the store manager) since September 23, 2025, and, thus, that her motion is untimely given it was filed approximately seven months later. Second, they argue that the timing of Plaintiff's motion suggests Plaintiff was improperly motivated to amend her complaint for the purpose of destroying diversity jurisdiction. *Id.*

[2] References to filings herein are to the CM/ECF-assigned page number.

In reply, Plaintiff contends that at the time she learned Anguiano's name and title as "store manager," she was unaware of other material facts necessary to seek leave to amend and remand. (Doc. 25 at 4-5). Plaintiff points out that she intended to seek to substitute the actual party in place of Doe 1 at the time this action was commenced in state court, as evidenced by the fact that her complaint names Doe 1 and identifies him as "Doe 1 (Manager)" and the supervisor of the subject premises when Plaintiff allegedly visited the store. *See* (Doc. 6-1). Plaintiff's counsel attests (and Defendants do not dispute) that Anguiano's residency and involvement was discovered during Plaintiff's deposition of Defendants' representative on April 15, 2026 (*i.e.*, after the action was removed to this Court). (Doc. 18-1, Declaration of Timothy M. Ghobrial, ¶ 5). Counsel attests that, later that day, he attempted to contact Defendants' counsel to meet and confer regarding her proposed stipulation to the filing of the FAC joining Anguiano and to remand. *Id.* ¶ 1 & Exhibit A. On April 17, 2026, Defendants' counsel communicated their declination of Plaintiff's request to stipulate to amendment and remand. Plaintiff filed her motion that same day. *Id.*

## II. <u>Governing Authority</u>

Federal Rule of Civil Procedure 15 permits a plaintiff to amend the complaint once as a matter of course no later than 21 days after service of the complaint or 21 days after service of a responsive pleading or motion to dismiss, whichever is earlier. *See* Fed. R. Civ. P. 15(a)(1). After such time has passed or plaintiff has once amended her complaint, amendment may only be by leave of the court or by written consent of the adverse parties. Fed. R. Civ. P. 15(a)(2).

"Rule 15(a) is very liberal" and a court should freely give leave to amend when "justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *see Chodos v. W. Publ. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("it is generally our policy to permit amendment with 'extreme liberality'"). *Accord Foman v. Davis*, 371 U.S. 178, 182 (1962). Granting or denying leave to amend a complaint under Rule 15 is within the discretion of the court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir, 1981).

A court ordinarily considers five factors in determining whether to grant leave to amend: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). In conducting this five-factor analysis, the court generally grants all inferences in favor of permitting amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1987). Moreover, the court must be mindful that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183,187 (9th Cir. 1987).

However, where, as here, permitting amendment would add a diversity-destroying defendant, the standard for determining whether to allow post-removal joinder is set forth in 28 U.S.C. § 1447(e): "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Similar to Rule 15, under § 1447, "whether to permit joinder of a party that will destroy diversity jurisdiction remains in the sound discretion of the court[.]" *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (hereinafter, "*IBC*").

In assessing whether to grant leave to amend to add non-diverse defendants, courts ordinarily consider six factors: "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff." *Id.* (citing *inter alia Lopez v. General Motors Corp.*, 697 F.2d 1328, 1331 (9th Cir.1983) [considering delay] & *Desert Empire Bank v. Ins. Co. of N. America*, 623 F.2d 1371, 1376 (9th Cir.1980) [considering motive]). Judges of this Court commonly consider the *IBC* factors in determining whether to permit amendment that adds a diversity-destroying defendant. *E.g., Gutierrez v. Helena Agri-Enters., LLC*, No. 1:23-cv-1369-JLT-HBK, 2024 WL 749684 (E.D. Cal. Feb. 23, 2024), *F&R adopted*, 2024 WL 4275623 (E.D.

Cal. Sept. 24, 2024); *Reyes v. FCA US LLC*, No. 1:20-cv-00833-DAD-SKO, 2020 WL 7224286 (E.D. Cal. Dec. 8, 2020); *Plasse v. Ford*, No. 2:17-cv-01136-TLN-EFB, 2017 WL 6033075 (E.D. Cal. Dec. 6, 2017).

## III. Discussion

Plaintiff argues that balancing the six § 1447(e) factors noted above and discussed in *IBC* weighs in favor of permitting amendment of her complaint and remanding the action to state court. (Doc. 18 at 13-14) (citing 28 U.S.C. § 1447(e) and *IBC*). Although Defendants acknowledge the applicability here of those same factors under § 1447(e) and *IBC* (*see* Doc. 23 at 3), they address in their brief in opposition to Plaintiff's motion only two of those factors – improper motive and unexplained delay. *Id.* at 3-4.

Defendants' failure to respond to Plaintiff's arguments that the other § 1447(e) factors weigh in favor of permitting amendment and remand is construed by the Court as a concession that those factors, in fact, support granting Plaintiff the relief she seeks. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue") (quotation and citations omitted); *Boling Air Media Inc. v. Panalpina Inc.*, No. 1:19-cv-00084-DAD-SKO, 2019 WL 3798492, at *4 n.3 (E.D. Cal. Aug. 13, 2019) (finding defendant "concedes" plaintiff's argument regarding existence of good cause to modify scheduling order by failing to address argument in opposition brief), *F&R adopted by* 2019 WL 5422913 (E.D. Cal. Oct. 23, 2019). The Court independently has considered those four factors – including that the negligence and premises liability causes of action pleaded in the proposed FAC against Anguiano are facially valid – and agrees they either are neutral or weigh in favor of amendment and remand.

Thus, the Court limits its discussion below to the two factors that Defendants dispute weigh in favor of permitting amendment and remand.

### A. Plaintiff Does Not Intend Joinder Solely to Defeat Federal Jurisdiction

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." *Desert Empire*

*Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980). "[A] trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Id.* However, "[s]uspicion of diversity destroying amendments is not as important now that 1447(e) gives courts more flexibility in dealing with the addition of such defendants." *IBC*, 125 F. Supp. 2d at 1012.

Here, Plaintiff persuasively demonstrates that she intended from the moment the action was commenced in state court to seek to replace the Doe defendant with the actual party and did seek to amend diligently after discovering Anguiano's residency and responsibilities during a deposition. Defendants' only argument that amendment was motivated by Plaintiff's improper intent to destroy diversity jurisdiction is that she delayed filing her motion until seven months after learning Anguiano's identity and four months after the action was removed. (Doc. 23 at 4). Defendants' delay argument is addressed further below – here, for purposes of resolving whether Plaintiff's motive for seeking amendment is improper, it is enough to find that Defendants' mere "suspicion" about motive based exclusively on purported delay in bringing the motion is inadequate. *See Reyes*, 2020 WL 7224286, at *7 ("although the timing of plaintiff's motion for leave to amend might raise a suspicion about his motive in doing so, the court does not agree with defendant that such a suspicion supports a finding of bad faith."). As noted above, Plaintiff's claims against Anguiano in the proposed FAC appear facially valid – and Defendants do not challenge and, thus, have waived any contention that the claims are invalid – such that Plaintiff's request for joinder does not appear *solely* to destroy diversity. *See id.* at *6 ("Courts have permitted joinder even where the plaintiff appears to be primarily motivated by a desire to defeat diversity jurisdiction, as long as the plaintiff has alleged a valid claim against the non-diverse defendant."); *cf. Munoz v. Walmart Inc.*, No. 2:19-cv-08333-ODW-JPR, 2020 WL 91499, at *2 (C.D. Cal. Jan. 8, 2020) (noting courts routinely exercise discretion to deny joinder when it appears that plaintiff's sole motivation is to avoid federal court).

**B. Plaintiff's Motion Does Not Implicate Any Unexplained Delay**

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." *Clinco v. Roberts*, 41 F. Supp. 2d

1080, 1083 (C.D. Cal. 1999). "There are no well-developed guidelines for evaluating [] timeliness" but courts generally "find delays of over six months after removal to be untimely." However, "even in cases of considerable delays, courts do not give this factor much weight if the case is in its early stages and the delay does not appear to be prejudicial." *Lara v. Bandit Indus., Inc.*, No. 2:12-cv-02459-MCE-AC, 2013 WL 1155523, at *3 (E.D. Cal. Mar. 19, 2013) (citation and quotation omitted).

Defendants argue that Plaintiff unduly delayed in filing her motion to amend given that she was aware of the name of the store manager (Anguiano) as of September 23, 2025, when Anguiano was identified in their response to Plaintiff's written discovery requests. *See* (Doc. 25-2). However, Defendants do not refute Plaintiff's assertion that they were not provided and did not learn Anguiano's address until April 15, 2026, which is relevant information to ascertaining his citizenship for purposes of diversity jurisdiction. Further confirming Plaintiff's diligence in this regard, Plaintiff served her notice of deposition seeking relevant testimony from Defendants' Rule 30(b)(6) witness about Anguiano's identity, address, and duties and responsibilities relatively quickly (approximately six weeks) after the action was removed to the Central District of California. *See* (Doc. 25-5).

Given Plaintiff's reasonable explanation that her ability to seek leave to amend and to remand only ripened upon confirming Anguiano's citizenship and role in the incident underlying the complaint, the Court finds that the length of delay from the time Plaintiff obtained this relevant information to filing her motion was not unreasonable or inexplicable, particularly given that this case has not yet been scheduled and remains in the early stages. Thus, this factor weighs in favor of amendment. *IBC*, 125 F. Supp. 2d at 1012; *Boling Air Media Inc.,* 2019 WL 3798492, at *7.

* * * * *

Because the § 1447(e) and *IBC* factors all either weigh in favor of permitting the proposed amendments or are neutral, the Court will grant Plaintiff's motion to amend the complaint. As joinder of non-diverse defendant Cesar Anguiano defeats diversity jurisdiction (28 U.S.C. § 1332), and remand is required if "at any time before final judgment it appears that the district court lacks

subject matter jurisdiction" (28 U.S.C. 1447(c)), the Court finds that this action must be remanded to state court.

**IV. <u>Conclusion</u>**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend and to remand (Doc. 18) is GRANTED;
2. The Clerk of the Court is DIRECTED to lodge Plaintiff's proposed first amended complaint (Doc. 18-3, "Exhibit B") as a standalone entry on the docket as Plaintiff's operative complaint;
3. Upon the lodging of Plaintiff's first amended complaint, this action is REMANDED to the Superior Court of the State of California, County of Kern; and
4. The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated: **September 8, 2026**

UNITED STATES MAGISTRATE JUDGE